# EXHIBIT A

Stephen C. Mancini, CFLS. (SBN: 123139)
Suzy S. Marjanian, ESQ (SBN: 309174)
KOLETSKY MANCINI FELDMAN LLP
3460 Wilshire Boulevard 8th Floor
Los Angeles, CA 90010
Tel: (213) 427 – 2350
Fax: (213) 427 – 2366

Attorneys for Plaintiffs, NINGNING LI

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

5/2/2025 1:12:21 PM

Clerk of the Superior Court
By  G. Lopez          ,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| NINGNING LI,<br><br>                         Plaintiffs,<br><br>    vs.<br><br>HOME DEPOT USA and TRICAM<br>INDUSTRIES, INC., and DOES 1-50, inclusive<br><br>                         Defendants. | **Case Number:**  25CU023116C<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **GENERAL NEGLIGENCE**<br>2. **NEGLIGENCE – PRODUCTS LIABILITY** |

## GENERAL ALLIGATIONS

1. At all times mentioned herein, Plaintiff NINGNING LI (hereinafter referred to as "Plaintiff") was, and now is, an individual and a resident of the County of San Diego, State of California.

2. At all times mentioned herein, Defendant HOME DEPOT USA (hereinafter referred to as "Defendant") was and now is, a corporation who operated, managed, and maintained HOME DEPOT USA, in San Diego.

3. At all times mentioned herein, Defendant TRICAM INDUSTRIES, INC. (hereinafter referred to as "Defendant") was and now is, a corporation who operated, managed, and maintained TRICAM INDUSTRIES, INC.

1

PLAINTIFFS COMPLAINT FOR DAMAGES

4.  The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 50, Inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.

5.  At all times herein mentioned, each defendant was the agent, servant and employee of each of the remaining defendants and at all times herein was acting within the purpose, course and scope of said agency, service and employment.

6.  Defendant DOES 1 through 50, Inclusive, were and are individuals, corporations, partnerships, and/or business entities of unknown form, duly organized and existing under and by virtue of the laws of one of the States of the United States and at all times material herein, was authorized to do and engaged in doing business in the State of California.

## STATEMENT OF FACTS

7.  On May 15, 2023, at approximately 1:00 PM, Plaintiff was using an Easy Reach 3-step stool at her residence in San Diego, California. The product, distributed and/or manufactured by HOME DEPOT USA and TRICAM INDUSTRIES, INC (hereinafter referred to as "Defendants"), suddenly failed when one of its legs unexpectedly bent, causing Plaintiff to fall from the ladder and sustain severe injuries to Plaintiff's head and lower back.

8.  Immediately following the incident, Plaintiff experienced dizziness, headaches, posterior head pain, neck pain, and severe lower back pain. Plaintiff was transported to Sharp Memorial Hospital, where Plaintiff underwent a comprehensive evaluation.

9.  Plaintiff has since undergone extensive medical treatment for her injuries, which has included chiropractic care, acupuncture, and diagnostic imaging to evaluate and address Plaintiff's ongoing symptoms.

PLAINTIFFS COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

## NEGLIGENCE

### (On Behalf of Plaintiff Against All Defendants)

10. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

11. On or about May 15, 2023, Plaintiff was lawfully using an Easy Reach 3-step stool that had been designed, manufactured, distributed, and/or sold by Defendants, at her residence in San Diego, California.

12. At said time and place, Defendants owed a duty to Plaintiff and other foreseeable users to design, manufacture, assemble, inspect, test, market, distribute, and sell products that were free from defects and safe for their intended use.

13. Defendants breached their duty of care, including but not limited to:

    a. Negligently designing the Easy Reach 3-step stool in a manner that rendered it unsafe for foreseeable use;

    b. Negligently manufacturing and assembling the Easy Reach 3-step stool with defective materials or workmanship;

    c. Failing to adequately inspect and test the Easy Reach 3-step stool prior to distribution and sale;

    d. Failing to warn consumers, including Plaintiff, of the potential for sudden leg bending or structural failure under normal use conditions;

    e. Failing to implement sufficient quality control procedures to detect and correct defects.

14. As a direct and proximate result of Defendants' negligence, Plaintiff, while using the Easy Reach 3-step stool in a foreseeable and intended manner, experienced the sudden bending and collapse of one of the stool's legs, causing her to fall violently to the ground.

///

///

PLAINTIFFS COMPLAINT FOR DAMAGES

15. As a result of the incident, Plaintiff sustained severe injuries, including but not limited to fractures of the transverse processes at L1 through L4, lumbar spine injuries, neck pain, posterior head pain, headaches, muscle spasms, and associated emotional distress.

16. Plaintiff has incurred, and will continue to incur, significant economic damages including medical expenses, chiropractic care, acupuncture treatment, diagnostic imaging costs, future medical treatment, and related care.

17. Plaintiff has also sustained non-economic damages including pain and suffering, loss of enjoyment of life, inconvenience, and emotional trauma.

18. Defendants' negligence was a substantial factor in causing Plaintiff's injuries, damages, and losses as alleged herein.

19. Plaintiff therefore seeks recovery of general and special damages according to proof at trial, as well as costs of suit, pre-judgment and post-judgment interest, and any other relief the Court deems just and proper.

## SECOND CAUSE OF ACTION

## PRODUCTS LIABILITY – NEGLIGENCE

## (On Behalf of Plaintiff Against All Defendants)

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

21. At all relevant times, Defendants were engaged in the business of designing, manufacturing, assembling, inspecting, testing, labeling, marketing, distributing, and selling consumer products, including the Easy Reach 3-step stool at issue.

22. Defendants had a duty to design, manufacture, inspect, and distribute products that were reasonably safe for their intended and foreseeable uses.

23. Defendants negligently breached this duty by:

    a. Designing the Easy Reach 3-step stool in a defective and unsafe manner;

4

b. Manufacturing the Easy Reach 3-step stool with defective materials, workmanship, or structural integrity;

c. Failing to properly inspect, test, and/or quality control the product before placing it into the stream of commerce;

d. Failing to provide adequate warnings or instructions regarding the foreseeable risk of sudden structural failure during normal use.

24. As a direct and proximate result of these negligent acts and omissions, the Easy Reach 3-step stool was defective and unreasonably dangerous when it left the possession and control of Defendants.

25. On or about May 15, 2023, while Plaintiff was using the Easy Reach 3-step stool in a reasonably foreseeable manner, one of the stool's legs bent and failed without warning, causing Plaintiff to fall and sustain serious injuries.

26. Plaintiff's injuries include, but are not limited to, fractures at L1 through L4, ongoing lower back pain, cervical spine pain, headaches, and musculoskeletal injuries, as well as emotional distress and diminished quality of life.

27. As a direct and legal result of Defendants' negligent acts and omissions, Plaintiff has suffered and will continue to suffer general and special damages including past and future medical expenses, pain and suffering, and loss of enjoyment of life, all in an amount to be proven at trial.

28. Plaintiff therefore seeks damages according to proof at trial, together with costs of suit, pre-judgment and post-judgment interest, and such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## AS TO ALL CAUSES OF ACTIONS

(1) For general damages in an amount subject to proof at trial;

(2) For sums incurred and to be incurred for services to hospitals, physicians, surgeons, nurses and other professional services, ambulance service, x-rays and other medical supplies and services;

(3) For all costs of suit incurred herein; and

PLAINTIFFS COMPLAINT FOR DAMAGES

(4) For such other and further relief as to this Court may seem just and proper.


DATED: May 2, 2025                          KOLETSKY MANCINI FELDMAN LLP


                                            BY: _Stephen C. Mancini_____
                                            STEPHEN C. MANCINI, CFLS.
                                            SUZY S. MARJANIAN, ESQ.
                                            Attorney for Plaintiff,
                                            NINGNING LI

PLAINTIFFS COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

STEPHEN C. MANCINI, CFLS 123139
KOLETSKY MANCINI FELDMAN LLP
3460 Wilshire Blvd., 8th Floor
Los Angeles, CA 90010
TELEPHONE NO.: 213-427-2350    FAX NO.: 213-427-2366
EMAIL ADDRESS: scm@kmfm.com
ATTORNEY FOR *(Name):* NINGNING LI

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 W. Broadway, Room 225
MAILING ADDRESS: same as above
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: HALL OF JUSTICE

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

5/2/2025 1:12:21 PM

Clerk of the Superior Court
By G. Lopez        ,Deputy Clerk

CASE NAME: Li v. Home Depot USA, et al.

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: 25CU023116C |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $35,000)   [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[X] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* TWO; 1) Negligence, 2) Products Liability
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 05/02/2025

STEPHEN C. MANCINI, CFLS
(TYPE OR PRINT NAME)

▶ *Stephen C. Mancini*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

CEB Essential
ceb.com Forms

PI.266

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract  *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff  *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner
  Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic
  relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case  *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief from Late Claim
 Other Civil Petition

CM-010 [Rev. January 1, 2024]

**CEB** | Essential
ceb.com | **Forms**

**CIVIL CASE COVER SHEET**

Page 2 of 2



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 25CU023116C                CASE TITLE: Li vs Home Depot USA

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 W. Broadway<br><br>MAILING ADDRESS: 330 W. Broadway<br><br>CITY AND ZIP CODE: San Diego, 92101<br><br>BRANCH NAME: Central | |
| PLAINTIFF(S): Ningning Li | |
| DEFENDANT(S): Home Depot USA | |
| SHORT TITLE: LI VS HOME DEPOT USA | |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>25CU023116C |
|---|---|

Judge: MARCELLA O. MCLAUGHLIN                    Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)                    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                    ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

Name of Plaintiff                    Name of Defendant

Signature                    Signature

Name of Plaintiff's Attorney                    Name of Defendant's Attorney

Signature                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/05/2025                    _____
                                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev. 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page 1